■ EDWARD EHRBAR, INC., Respondent, v. FIVE BROTHERS EXCAVATING CORP. et al., Appellants, et al., Defendants. FIVE BROTHERS EXCAVATING CORP., Third-Party Plaintiff-Respondent, v. RALPH MARTIN, Third-Party Defendant-Appellant. (Action No. 1.) LONG ISLAND RAIL ROAD COMPANY, Appellant, v. EDWARD EHRBAR, INC., Respondent-Appellant, and FIVE BROTHERS EXCAVATING CORPORATION et al., Respondents. FIVE BROTHERS EXCAVATING CORP., Third-Party Plaintiff-Appellant, v. RALPH MARTIN, Third-Party Defendant-Respondent. (Action No. 2.) GERTRUDE POLATCHEK, Respondent, et al., Plaintiff, v. LONG ISLAND RAIL ROAD COMPANY, Appellant; FIVE BROTHERS EXCAVATING CORP., Appellant-Respondent and EDWARD EHRBAR, INC., Respondent, et al., Defendant. (Action No. 3.) — In three consolidated negligence actions arising out of a grade-crossing collision between a passenger train of the Long Island Rail Road Company and a vehicular earth-moving machine called a "Payscraper", owned by Edward Ehrbar, Inc., and operated by one Ralph Martin, an employee of Five Brothers Excavating Corp. [Action No. 1 being by Ehrbar to recover for its property damage; Action No. 2 being by the Long Island Rail Road to recover for its property damage; and Action No. 3 being by Gertrude Polatchek, a passenger in the train, to recover damages for her personal injury], in which several of the defendants asserted cross complaints and third-party actions against each other, the parties cross-appeal as follows from a judgment of the Supreme Court, Nassau County, entered February 1, 1962 after trial, upon a jury's verdict: (1) The Long Island Rail Road (the plaintiff in Action No. 2 and a defendant in the other two actions) appeals from so much of the judgment as is against it and in favor of: (a) Ehrbar, the plaintiff in Action No. 1; (b) Ehrbar, Five Brothers and Nassau Transit Mix Corporation, defendants in Action No. 2; and (c) Gertrude Polatchek, the plaintiff in Action No. 3. (2) Five Brothers (a defendant in all three actions and a third-party plaintiff in Actions Nos. 1 and 2) appeals from so much of the judgment as is against it and in favor of: (a) Ehrbar, the plaintiff in Action No. 1; (b) Gertrude Polatchek, the plaintiff in Action No. 3; and (c) Ralph Martin, the third-party defendant in Action No. 2. (3) Ehrbar (as one of the defendants in Action No. 2) appeals from so much of the judgment as is against it on its cross claim against its codefendant Five Brothers in that action. (4) Ralph Martin (as the third-party defendant in Action No. 1) appeals from so much of the judgment as is against him and in favor of Five Brothers, as third-party plaintiff in that action. Judgment, insofar as it is in favor of: (a) Ehrbar in Action No. 1; (b) Five Brothers in Action No. 2; (c) Gertrude Polatchek in Action No. 3, and against the Long Island Rail Road Company in said three actions; and insofar as it is in favor of Ralph Martin, the third-party defendant in Action No. 2 and against Five Brothers, as the third-party plaintiff in that action, is reversed on the law and the facts, without costs to any party; a new trial is granted as among said parties on their respective claims in the three actions; and the three actions are severed as to all the other parties thereto. In all other respects, the judgment, insofar as appealed from, is affirmed, without costs. In our opinion, except with reference to the defendant Ehrbar in Action No. 2, the jury's verdict in each of the three actions was contrary to the weight of the evidence. In view of our reversal of the judgment insofar as it was in favor of Five Brothers in Action No. 2, we have necessarily likewise reversed the judgment insofar as it was in favor of Ralph Martin against Five Brothers in the latter's third-party action against him. In the event Five

Brothers should not prevail as against the Long Island Rail Road Company upon the new trial which we have ordered in Action No. 2, its claim over against Martin will require determination. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.